IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

THE LINCOLN NATIONAL LIFE
INSURANCE COMPANY,

        Plaintiff,

      v.

XERONA McGRATH, et al.,

        Defendants.

No.  2:25-cv-1376-DMC

ORDER

and

FINDINGS AND RECOMMENDATIONS

Plaintiff, which is proceeding with retained counsel, brings this interpleader action pursuant to Federal Rule of Civil Procedure 22 and 28 U.S.C. § 1335.  Plaintiff is a life insurance company which does not object to paying proceeds of a life insurance policy to the appropriate beneficiary.  Defendants are potentially competing beneficiaries – Xerona McGrath is the decedent's ex-wife; Breinne McGrath is the decedent's surviving legal spouse.  Pending before the Court is Plaintiff's motion for default judgment.  See ECF No. 11.

Whether to grant or deny default judgment is within the discretion of the Court. See Aldabe v. Aldabe, 616 F.2d 1089, 1092 (9th Cir. 1980).  In exercising this discretion, the Court considers the following factors:  (1) the possibility of prejudice to the plaintiff if relief is denied; (2) the substantive merits of plaintiff's claims; (3) the sufficiency of the claims raised in the complaint; (4) the sum of money at stake; (5) the possibility of a dispute concerning material

1

facts; (6) whether the default was due to excusable neglect; and (7) the strong policy favoring decisions on the merits when reasonably possible. See Eitel v. McCool, 782 F.2d 1470, 1471-72 (9th Cir 1986). Regarding the last factor, a decision on the merits is impractical, if not impossible, where defendants refuse to defend. See Pepsico, Inc. v. Cal. Sec. Cans, 238 F. Supp. 2d 1172, 1177 (C.D. Cal. 2002).

Where a defendant has failed to respond to the complaint, the Court presumes that all well-pleaded factual allegations relating to liability are true. See Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977) (per curiam); Danning v. Lavine, 572 F.2d 1386 (9th Cir. 1978); Televideo Systems, Inc. v. Heidenthal, 826 F.2d 915, 917-18 (9th Cir. 1987) (per curiam); see also Discovery Communications, Inc. v. Animal Planet, Inc., 172 F. Supp. 2d 1282, 1288 (C.D. Cal. 2001). Therefore, when determining liability, a defendant's default functions as an admission of the plaintiff's well-pleaded allegations of fact. See Panning v. Lavine, 572 F.2d 1386 (9th Cir. 1978). However, the Court has the responsibility of determining whether the facts alleged in the complaint state a claim which can support the judgment. See Danning v. Lavine, 572 F.2d 1386, 1388 (9th Cir. 1978). For this reason, the District Court does not abuse its discretion in denying default judgment where the factual allegations as to liability lack merit. See Aldabe, 616 F.2d at 1092-93.

While factual allegations concerning liability are deemed admitted upon a defendant's default, the Court does not presume that any factual allegations relating to the amount of damages suffered are true. See Geddes, 559 F.2d at 560. The Court must ensure that the amount of damages awarded is reasonable and demonstrated by the evidence. See id. In discharging its responsibilities, the Court may conduct such hearings and make such orders as it deems necessary. See Fed. R. Civ. P. 55(b)(2). In assessing damages, the Court must review the facts of record, requesting more information if necessary, to establish the amount to which the plaintiff is lawfully entitled. See Pope v. United States, 323 U.S. 1 (1944).

///

///

///

2

## I. BACKGROUND

Plaintiff initiated this action with a complaint in interpleader filed on May 13, 2025. See ECF No. 1. Pursuant to Appendix A to the Court's local rules, this action was not assigned to a District Judge when it was opened. Defendant Xerona McGrath (ex-wife) filed an answer to the interpleader complaint on July 7, 2025, admitting to the substantive allegations in the complaint, to wit that she is the official beneficiary of her ex-husband's life insurance policy. See ECF No. 6. Xerona McGrath further alleges in the answer that, while there is an email indicating that the decedent intended to change the beneficiary designation on the policy to list his current spouse (Defendant Breinne McGrath), she asserts that this email does not provide a lawful basis to modify the recorded beneficiary designation. See id. at 2. Xerona McGrath demands payment of the life insurance proceeds to her as the designated beneficiary. See id. at 3.

Upon proper service of process on Breinne McGrath through her attorney of record, and upon Breinne McGrath's failure to file a response to the interpleader complaint within the time permitted under the rules, Plaintiff sought and obtained a Clerk's entry of default. See ECF No. 10. The pending motion for a default judgment followed.

## II. DISCUSSION

Here, the Eitel factors weigh in favor of granting Plaintiff's motion. First, should relief be denied, Plaintiff will be prejudiced in that it will have no resolution of the possible competing claims and could be subject to multiple claims. As to the second and third factors, Plaintiff's interpleader complaint has substantive merit in terms of resolving potentially competing claims and the interpleader claim is sufficiently raised. As to the fourth factor, the sum of money at stake – $390,000.00 – is an amount certain as established by the policy at issue. Fifth, there is no dispute as to material facts as Plaintiff does not dispute that it owes proceeds on the life insurance policy. Sixth, there is no indication that the default resulted from excusable neglect. Finally, entry of a default judgment in favor of answering Defendant Xerona McGrath results in a determination on the merits of this interpleader action, which was filed to determine

which of two competing claimants has a legal right to the life insurance proceeds.

In essence, in the context of an interpleader action, a motion for default judgment asks the Court to determine which of the competing claimants is entitled to the res of the complaint (here, the life insurance proceeds).  In this case, given the inability of Breinne McGrath to overcome the legal designation of Xerona McGrath to the life insurance proceeds, entry of default judgment in favor of Plaintiff is warranted.

### III.  CONCLUSION

Based on the foregoing, the undersigned orders and recommends as follows:

1.      It is ORDERED that the Clerk of the Court is directed to randomly assign a District Judge to this case.

2.      It is RECOMMENDED that Plaintiff's motion for default judgment, ECF No. 11, be granted.

3.      It is RECOMMENDED that Plaintiff be directed to deposit the life insurance proceeds in the amount of $390,000.00 into the Court's registry consistent with the requirements of Federal Rule of Civil Procedure 67 and Eastern District of California Local Rule 150.

4.      It is RECOMMENDED that, upon proper deposit of funds, Plaintiff be discharged from any liability under the subject life insurance policy.

5.      It is RECOMMENDED that, upon proper deposit of funds, Plaintiff be dismissed with prejudice.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

6.    It is RECOMMENDED that, after funds are properly deposited, Defendant Xerona McGrath be directed to make appropriate application to the assigned District Judge for disbursement of funds consistent with Local Rule 150.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court.  Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 16, 2026

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE

5